IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| 8.929 ACRES OF LAND, MORE OR LESS, SITUATED IN ARLINGTON COUNTY, VIRGINIA; | ) Civil No. 1:20-cv-00667 ) ) ) |
| | ) |
| and | ) |
| | ) |
| ARLINGTON COUNTY, VIRGINIA, *et al.* | ) |
| | ) |
| *Defendants*. | ) |

**DEFENDANT ARLINGTON COUNTY'S ANSWER AND DEMAND FOR JURY TRIAL**

In Answer to the Complaint in Condemnation ("Complaint") filed by Plaintiff United States of America (ECF No. 1), Defendant Arlington County, by and through its attorneys, states as follows, with the numbered paragraphs herein corresponding to the numbered paragraphs of the Complaint:

1. The allegations in Paragraph 1 consist of Plaintiff's characterization of its case and are conclusions of law, to which no response is required. To the extent a response is required, Arlington County denies the allegations.

2. The allegations in Paragraph 2 consist of conclusions of law, to which no response is required, and cited federal statutes, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Arlington County denies any allegation inconsistent with the cited federal statutes.

3. The allegations in Paragraph 3 and its referenced Schedule A consist of conclusions of law, to which no response is required, and cited federal statutes, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Arlington County denies any allegation inconsistent with the cited federal statutes.

4. The allegations in Paragraph 4 and its referenced Schedule B consist of conclusions of law, to which no response is required. To the extent a response is required, Arlington County denies the allegations.

5. The allegations in Paragraph 5 and its referenced Schedule C consist of conclusions of law, to which no response is required, and purport to characterize property deeds, surveys, and plats, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Arlington County denies any allegation inconsistent the legal boundaries of the "Subject Property" (as that term is defined in the Complaint). Arlington County further responds that Schedule C's description of Tract No. 104-2 may be incomplete following the paragraph "South 85°24'15" West a distance of 51.91 feet to a point in the westerly right of way of said Columbia Pike; thence, along said westerly right of way," and before the subsequent paragraph beginning with "Along said northerly right-of-way . . . ."

6. The allegations in Paragraph 6 and its referenced Schedule D consist of conclusions of law, to which no response is required, and purport to characterize unrecorded property plats and tract maps, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Arlington County denies any allegation inconsistent with those properties' legal boundaries.

7. The allegations in Paragraph 7 and its referenced Schedule E consist of conclusions of law, to which no response is required, and are vague and lack the specificity

necessary for Arlington County to form a belief as to their truth.  To the extent a response is required, Arlington County denies the allegations.  Arlington County further responds that, at such time that Plaintiff obtains possession of the Subject Property via Court order, Arlington County reserves a temporary easement and right-of-way on the Subject Property (Southgate Road, Columbia Pike, and South Joyce Street), as set forth in the Declaration of Taking, ECF No. 2-5 (Schedule E), and on terms in a Deed of Easement or similar instrument being negotiated by Plaintiff and Arlington County.  Arlington County further responds that jurisdiction over the Subject Property, particularly for law enforcement purposes, remains with Arlington County and does not pass to the United States until the Deed of Easement or similar instrument terminates and the United States expressly accepts jurisdiction pursuant to 40 U.S.C. § 3112.

8. Arlington County denies that the allegations in Paragraph 8 and its referenced Schedule F constitute just compensation for Plaintiff's taking of Tract 104-1 owned by Arlington County which includes a portion of Southgate Road and adjacent land.

9. The allegations in Paragraph 9 and the first row in the table in its referenced Schedule G purport to characterize property deeds and agreements, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Arlington County denies any allegation inconsistent with those documents.  Arlington County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and its referenced Schedule G, and therefore denies the allegations.

10. Arlington County admits the allegations in Paragraph 10.

11. Arlington County admits the allegations in the first sentence of Paragraph 11 based on Plaintiff's representations to date.  Arlington County is without knowledge or

3

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore denies the allegations.

12. Paragraph 12 purports to characterize a figure from a 2019 Final Environmental Assessment prepared by the U.S. Army Corps of Engineers ("Corps") for only part of the Project identified in the Complaint, which figure speaks for itself and is the best evidence of its contents. To the extent a response is required, Arlington County admits that the figure generally depicts the existing roadway network and immediately surrounding area.

13. Arlington County admits that Plaintiff has represented that it will construct the facilities described in Paragraph 13 and Schedule F, but denies that they constitute just compensation to Arlington County for Plaintiff's taking of all of the Subject Property for the Project. The remaining allegations in Paragraph 13 are vague and Arlington County is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations. The remaining allegations in Paragraph 13 also purport to characterize a figure from a 2019 Final Environmental Assessment prepared by the Corps for only part of the Project identified in the Complaint, which figure speaks for itself and is the best evidence of its contents.

14. Arlington County admits the allegations in Paragraph 14.

15. Arlington County admits that Plaintiff has represented that the Project as presently designed will widen portions of Columbia Pike not taken for the Project; create a dedicated bike path on Columbia Pike; widen pedestrian walkways on Columbia Pike; bury certain overhead powerlines; and incorporate the Air Force Memorial and certain surrounding land into Arlington National Cemetery. The remaining allegations in Paragraph 15 are vague and lack the specificity necessary for Arlington County to form a belief as to their truth, and therefore Arlington County denies the allegations. Arlington County further denies that these

improvements to Columbia Pike are dependent on Plaintiff's expansion of Arlington National Cemetery.  Arlington County further denies that the Project will benefit Arlington County and its residents absent Plaintiff's payment of financial compensation for its taking of Tract 104-1, which compensation Plaintiff has refused to offer to date beyond the nominal amount of $10.

16.     Arlington County admits that it has cooperated with Plaintiff and has participated in and provided input on the Project, some of which Plaintiff has not accepted.  The remaining allegations in Paragraph 16 are vague and lack the specificity necessary for Arlington County to form a belief as to their truth, and therefore Arlington County denies the allegations.  Arlington County further denies that it has agreed to a design for the entire Project.  Arlington County further responds that discussions regarding conceptual design of the Project did not result in agreement on just compensation due to Arlington County.

17.     The allegations in the first sentence of Paragraph 17 are vague and lack the specificity necessary for Arlington County to form a belief as to their truth.  To the extent a response is required, Arlington County denies the allegations.  Arlington County denies the allegations in the second sentence of Paragraph 17.  The remaining allegations in Paragraph 17 purport to characterize a 2019 Final Environmental Assessment prepared by the Corps for only part of the "Project" identified in the Complaint, which figure speaks for itself and is the best evidence of its contents.  Arlington County further responds that Plaintiff improperly segmented the Project into two federal actions, frontloading Cemetery expansion while deferring roadway reconstruction and realignment components as "an opportunity" and for which environmental and other analysis remains incomplete.  To the extent that the allegations in Paragraph 17 purport to characterize the 2014 Programmatic Environmental Assessment for the entire Arlington National Cemetery Real Property Master Plan, Arlington County further responds that all

alternatives analyzed therein—as well as in the 2019 Final Environmental Assessment for part of the Project—were substantially similar to each other, and all included the removal of the County-owned Southgate Road and purported substitution of a new South Nash Street.

18.     The allegations in Paragraph 18 are vague and Arlington County is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

19.     Arlington County admits the allegations in Paragraph 19.

20.     Arlington County admits that it and Plaintiff concur regarding the conceptual design of the proposed realignment of Columbia Pike.  The remaining allegations in Paragraph 20 purport to characterize a Columbia Pike right-of-way typical cross-section illustration on which the parties have agreed in principle, attached to the Complaint as Schedule H, which document speaks for itself and is the best evidence of its contents.  To the extent a response is required, Arlington County denies any allegation inconsistent with that document.  Arlington County further responds that it continues to cooperate with the Eastern Federal Lands Highway Division of the Federal Highway Administration on design of the Defense Access Roads component of the Project, and that Arlington County most recently provided comments on the 75 percent design.  Arlington County denies that there is that is a formal agreement between the parties on the Defense Access Roads activities.

21.     Arlington County admits that it and Plaintiff concur regarding the conceptual design of the proposed realignment of Columbia Pike and that, based on Plaintiff's commitment to that work, no further compensation to Arlington County is necessary for Plaintiff's taking of portions of Columbia Pike for the Project.  The remaining allegations in Paragraph 21 purport to characterize a memorandum attached to the Complaint as Schedule I, which document speaks for

itself and is the best evidence of its contents. To the extent a response is required, Arlington County denies any allegation inconsistent with that document.

22. The allegations in Paragraph 22 are vague and lack the specificity necessary for Arlington County to form a belief as to their truth. To the extent a response is required, Arlington County denies the allegations.

23. The allegations in Paragraph 23 purport to characterize a traffic study, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Arlington County denies any allegation inconsistent with the traffic study. Arlington County further responds that the reason Arlington and the Virginia Department of Transportation ("VDOT") requested the study was to reflect the current and expected conditions for transportation and development in the immediate vicinity of the proposed realignment of Columbia Pike.

24. Arlington County admits the allegations in Paragraph 24. Arlington County further responds that the original Interchange Modification Report ("IMR") was based on stale traffic data and did not reflect the following: an Arlington National Cemetery maintenance compound on the south side of Columbia Pike, a 9/11 Memorial facility south of Columbia Pike and east of Joyce Street, and the location of the Amazon HQ2 headquarters with 25,000 proposed jobs immediately to the east of the study area. Arlington County further responds that the Federal Highway Administration concurred with Arlington County's and VDOT's concerns, and agreed to update the IMR to reflect these changes.

25. The allegations in Paragraph 25 purport to characterize an updated traffic study, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Arlington County denies any allegation inconsistent with the updated traffic study.

26.     The allegations in Paragraph 26 purport to characterize an unattached letter dated March 18, 2020, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Arlington County denies that the allegations in Paragraph 26 completely and accurately represent that letter, and denies any allegation inconsistent with that letter. Arlington County further responds that this letter addressed to VDOT expressed support for the conceptual design for the realignment of Columbia Pike and its interchange with Washington Boulevard, including a change to the limited access control line for Washington Boulevard which requires action by the Virginia Commonwealth Transportation Board.  .

27.     On information and belief, Arlington County admits the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 purport to characterize a memorandum attached to the Complaint as Schedule I, which document speaks for itself and is the best evidence of its contents.  To the extent a response is required, Arlington County denies that the allegations in Paragraph 28 completely and accurately represent that document, and denies any allegation inconsistent with that document.  Arlington County admits that it was told by the Army that Southgate Road was needed for Cemetery expansion.  Arlington County further responds that its consideration of the closure of Southgate Road was in the context of a land exchange between Arlington County and Plaintiff on which the parties collaborated for years, including a 2008 land exchange agreement and a 2013 Memorandum of Understanding.  Arlington County further responds that the same document cited in Paragraph 28 made clear that the proposed South Nash Street is not just compensation for Plaintiff's taking of Tract 104-1 for the Project.

29.     Arlington County denies the allegations in the first and second sentences of Paragraph 29.  Arlington County further responds that it expressed concerns regarding adverse

effects from the Army's inclusion of Southgate Road in the Cemetery expansion, including the diversion of over 3,000 vehicles per weekday from Southgate Road to the three narrow and heavily used north-south streets in the adjacent Foxcroft Heights residential neighborhood. Arlington County further responds that it proposed options to either close all federal Joint Base Fort Myer/Henderson Hall ("Base") gates facing Foxcroft Heights, or alternately to build a road from the Base to Columbia Pike for the purpose of routing largely Base-related traffic around the neighborhood. Arlington County admits that the Project conceptual design includes construction of a new South Nash Street from the Base to Columbia Pike, as did all Project alternatives studied in Plaintiff's aforementioned 2014 and 2019 Environmental Assessments.

30. Arlington County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies the allegations. Arlington County further responds that it made clear to Plaintiff that the proposed South Nash Street offers little value beyond access to the federal Base, and is not just compensation for Plaintiff's taking of Tract 104-1 for the Project.

31. Arlington County denies the allegations in Paragraph 31. Arlington County further denies that the facilities that the Project proposes to construct constitute just compensation. Arlington County further denies that those facilities provide the same functional utility that currently exists; to the contrary, for example, the Project dramatically curtails the ability to accommodate below grade utilities both in the physical area and vertically; results in the net loss of at least 130 on-street public parking spaces, in lieu of a proposed garage within a secure perimeter primarily for Cemetery uses; and forecloses any potential expansion of the area transportation network in the future, in the face of population and economic growth. Arlington

9

County further responds that Plaintiff's abandonment of a land exchange eliminated flexibility to avoid or minimize such effects from a taking of the Subject Property.

32.     Arlington County denies the allegations in the first sentence of Paragraph 32.  The remaining allegations in Paragraph 32 purport to characterize an unattached news release and a memorandum attached to the Complaint as Schedule I, which documents speak for themselves and are the best evidence of their contents.  To the extent a response is required, Arlington County denies that the allegations in Paragraph 32 completely and accurately represent those documents, and denies any allegation inconsistent with them.  Arlington County further responds that the memorandum in Schedule I expressly reserved the outstanding issue of just compensation for the Project's taking of Tract 104-1.  Arlington County further responds that it supports the importance of the Cemetery and its expansion objectives, but is entitled to just compensation for the Project's disproportionate impact on the County and its residents, which Plaintiff has not offered to date.

33.     Arlington County admits that based on Plaintiff's commitment to implementation of the conceptual design of the proposed realignment of Columbia Pike on which the parties have agreed in principle, no further compensation to Arlington County is necessary for Plaintiff's taking of portions of Columbia Pike for the Project.  Arlington County denies the remaining allegations in the first sentence of Paragraph 33.  The allegations in the second sentence of Paragraph 33 purport to characterize a memorandum attached to the Complaint as Schedule I, which document speaks for itself and is the best evidence of its contents.  To the extent a response is required, Arlington County denies that the allegations in Paragraph 33 completely and accurately represent that document, and denies any allegation inconsistent with it.

34. The allegations in Paragraph 34 purport to characterize a resolution, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Arlington County denies that the allegations in Paragraph 34 completely and accurately represent that resolution, and denies any allegation inconsistent with it. Arlington County further responds that the resolution does not address just compensation or detailed design for the Defense Access Roads component which Plaintiff segmented from Project as defined in the Complaint.

35. Arlington County denies the allegations in Paragraph 35. Arlington County further responds that Plaintiff has not provided just compensation for the Project's taking of Tract 104-1, which includes a portion of Southgate Road and adjacent land with substantial market value and a highest and best use for low-rise to mid-rise residential development. The County further responds that the Army has recognized the value of Arlington County's land as demonstrated by its engagement in longtime negotiations with the County for a land exchange to obtain that land and convey to Arlington County other valuable land owned by Plaintiff.

The remainder of Plaintiff's Complaint consists of its prayer for relief, which requires no response. To the extent that a response is required, Arlington County denies that Plaintiff is entitled to the relief sought or to any relief from this Court.

Arlington County denies each and every allegation in the Complaint that Arlington County has not expressly admitted, specifically answered, or responded to herein.

**DEMAND FOR JURY TRIAL**

Pursuant to Rules 71.1(h) and 38(b) of the Federal Rules of Civil Procedure, Defendant Arlington County hereby demands a jury trial of all issues so triable.

WHEREFORE, having fully answered against Plaintiff, Defendant Arlington County respectfully requests that the Court enter judgment in its favor; order Plaintiff to pay Arlington County just compensation for the market value of taken Tract 104-1; dismiss with prejudice all claims asserted by Plaintiff in the Complaint; and grant such other relief as the Court may deem just and proper.

Date:  August 17, 2020                                      Respectfully Submitted,

/s/ Stephen A. MacIsaac
Stephen A. MacIsaac (Bar No. 21130)
Arlington County Attorney
MinhChau N. Corr (Bar No. 78877)
Deputy County Attorney
2100 Clarendon Boulevard, Suite 403
Arlington, Virginia 22201
Phone: 703-228-3100
Fax:    703-228-7106
Email: smacisaac@arlingtonva.us
            mcorr@arlingtonva.us

John C. Cruden (admitted *pro hac vice*)
Gus B. Bauman (admitted *pro hac vice*)
James M. Auslander (admitted *pro hac vice*)
Beveridge & Diamond, P.C.
1350 I St., N.W.
Washington, DC 20005
Phone: 202-789-6009
Fax:    202-789-6190
Email:  jcruden@bdlaw.com
            gbauman@bdlaw.com
            jauslander@bdlaw.com

*Attorneys for Defendant*
*Arlington County, Virginia*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of August, 2020, the foregoing Defendant Arlington County's Answer and Demand for Jury Trial was filed via the Court's CM/ECF system with the Clerk of the Court and served via the same on all parties eligible to receive electronic service. In addition, the foregoing and the notification of such filing (NEF) was served on the following parties via first class mail, postage prepaid:

Melissa L. Baker
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611

*Attorney for United States of America*

Verizon Virginia, LLC (a Virginia limited liability company), and
MCI a.k.a. Verizon Business Network Services, Inc. (a Delaware corporation)
c/o David A. Capozzi
Verizon
1300 I St. NW, Suite 500 East
Washington, D.C. 20005

/s/ Stephen A. MacIsaac
Stephen A. MacIsaac (Bar No. 21130)
Arlington County Attorney
2100 Clarendon Boulevard, Suite 403
Arlington, Virginia 22201
Phone: 703-228-3100
Fax:    703-228-7106
Email: smacisaac@arlingtonva.us

*Attorney for Defendant*
*Arlington County, Virginia*