IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | Case No.: 1:20-cv-0667 |
| ) | |
| 8.929 ACRES OF LAND, MORE OR ) | |
| LESS, SITUATE IN ARLINGTON ) | |
| COUNTY, VIRGINIA, *ET AL.*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**FIBERLIGHT, LLC'S RESPONSE TO PLAINTIFF
UNITED STATES OF AMERICA'S RULE 71.1 MOTION TO DETERMINE THAT
FAIR MARKET VALUE HAS NO RELEVANCE TO THIS PROCEEDING**

Defendant FiberLight, LLC ("FiberLight"), submits this Response to Plaintiff United States of America's Rule 71.1 Motion to Determine that Fair Market Value Has No Relevance to This Proceeding.

**INTRODUCTION AND BACKGROUND**

This case concerns the just compensation owed to Defendants for the taking of their interests in the property referenced in the Complaint (the "Subject Property"), including but not limited to the Subject Property located on Columbia Pike. Although Plaintiff's Motion focuses on just compensation owed to Defendant Arlington County, Virginia ("Arlington County"), FiberLight has asserted that it is entitled to just compensation for any taking of its interest in the Subject Property. Answer, ECF No. 32 ¶ 9. Specifically, FiberLight has asserted that just compensation includes but is not limited to, the Plaintiff constructing new ducts banks and providing monetary compensation for any costs that may be incurred by FiberLight, including but not limited to, the costs of obtaining new conduit, fiber, and other equipment, moving any

conduit, fiber, and other equipment from the Subject Property, installing any conduit and other equipment in a new location, and splicing said fiber. *Id.*

**ARGUMENT**

The Fifth Amendment provides that private property shall not be taken for public use without "just compensation." *Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 473, 93 S. Ct. 791, 794, 35 L. Ed. 2d 1, 7 (1973). "'[J]ust compensation' means the full monetary equivalent of the property taken." *Id.*, 93 S. Ct. at 794, 35 L. Ed. 2d at 7. "The owner is to be put in the same position monetarily as he would have occupied if his property had not been taken." *Id.* at 473-74, 93 S. Ct. at 794, 35 L. Ed. 2d at 7. The Court has repeatedly held that just compensation normally is to be measured by "the market value of the property at the time of the taking contemporaneously paid in money." *United States v. 50 Acres of Land,* 469 U.S. 24, 29, 105 S. Ct. 451, 454-55, 83 L. Ed. 2d 376, 382 (1984); *see United States v. Brooklyn Union Gas Co.*, 168 F.2d 391, 395, 1948 U.S. App. LEXIS 2056, at *11 (2nd Cir. 1948) ("It is axiomatic that as to property for which there is a market, the test is fair market value, and that compensation is measured, and limited by, the owner's loss, not the taker's gain) (citations omitted). "Deviation from this measure of just compensation has been required only when market value has been too difficult to find, or when its application would result in manifest injustice to owner or public." *United States v. 50 Acres of Land*, 469 U.S. 24, 29, 105 S. Ct. 451, 455, 83 L. Ed. 2d 376, 382 (1984) (citations omitted). Here, Plaintiff has not presented any evidence as to whether the market value of FiberLight's interest in the subject Property can be determined. Nor has Plaintiff presented any evidence as to why fair market value should not be used to determine the just compensation to which FiberLight is entitled. Plaintiff's Motion is almost entirely concerned with Arlington County alone. Accordingly, Plaintiff's Rule 71.1

Motion to Determine that Fair Market Value Has No Relevance to This Proceeding should be denied with respect to FiberLight.

Additionally, Plaintiff's Motion should be denied because Plaintiff has not demonstrated that substitute facilities would necessarily constitute just compensation with respect to FiberLight. "A taking may be justly compensated by payment of the cost of a substitute, so long as a full equivalent is afforded for the property taken." *Clarksville v. United States,* 198 F.2d 238, 242, 1952 U.S. App. LEXIS 3168, at *12 (4th Cir. 1952). Plaintiff's Motion's description of detailed negotiations and planning that occurred between the Plaintiff and Arlington County does not apply to FiberLight. Plaintiff has not yet made a final proposal as to what substitute facilities it can and will provide to FiberLight and there are certainly "substitute facilities" that would not constitute a "full equivalent" of the property being taken from FiberLight. For example, the construction of new ducts banks alone would not constitute a full equivalent for the property being taken because FiberLight may lose the conduit, fiber and equipment currently located on the Subject Property and have to obtain new conduit, fiber, and other equipment, install conduit and other equipment in a new location and splice the fiber. Therefore, substitute facilities may not fully compensate FiberLight, and therefore, they would not be sufficient to constitute just compensation.

Moreover, a determination as to whether fair market value is relevant to this proceeding is premature. *See Kern River Gas Transmission Co. v. 18.91 Acres of Land, etc.*, 809 F. Supp. 72, 1992 U.S. Dist. LEXIS 19815 (D. Nev. 1992) (denying the plaintiff's motion for summary judgment asking the court to bar defendants from seeking substitution damages because if the jury cannot readily ascertain the fair market value of the pipeline easement, defendants' additional costs incurred in providing reasonably necessary services will be the appropriate

measure of damages). This case is in its early stages and discovery is still ongoing. As stated above, it is not yet clear whether the fair market value of FiberLight's property interest can be determined or any whether substitute facilities offered by the Plaintiff would fully and justly compensate FiberLight for the property being taken by Plaintiff. Accordingly, any determination as to the relevance of fair market value with respect to FiberLight is premature, and the Court should deny Plaintiff's motion with respect to FiberLight.

Finally, FiberLight incorporates by reference the relevant arguments set forth in any Opposition or Response to Plaintiff's Motion filed by Defendant Arlington County or any other defendant.

## CONCLUSION

Based on the foregoing, FiberLight requests that Plaintiff's Motion be denied with respect to FiberLight.

Dated: September 18, 2020

Respectfully submitted,

/s/ Jessica A. Glajch
Charles A. Zdebski
Virginia State Bar # 37519
Robert J. Gastner
Virginia State Bar # 74908
Jessica A. Glajch
Virginia State Bar # 83924
Attorneys for Defendant FiberLight, LLC
Eckert Seamans Cherin & Mellott LLC
1717 Pennsylvania Ave., NW,
Suite 1200
Washington, D.C. 20006
Tel: (202) 659-6605
Fax: (202) 659-6699
czdebski@eckertseamans.com
rgastner@eckertseamans.com
jglajch@eckertseamans.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I sent a copy of the foregoing to the following via U.S. Mail, postage prepaid:

> Eugene N. Hansen
> U.S. Department of Justice
> P.O. Box 7611 – Ben Franklin Station
> Washington, D.C. 20044
> Tel: (202) 305-0301
> Fax: (202) 514-8865
> E-mail: Eugene.hansen@usdoj.gov
>
> *Counsel for the United States*
>
> Kristin Starr
> U.S. Attorney's Office (Alexandria)
> 2100 Jamieson Ave.
> Alexandria, VA 22314-5702
> Tel: (703) 838-2638
> Fax: (703) 299-3983
> E-mail: Kristin.Starr@usdoj.gov
>
> *Counsel for the United States*
>
> MinhChau Nguyen Corr
> Office of the Arlington County Attorney
> 2100 Clarendon Blvd., Suite 403
> Arlington, Virginia 22201
> Tel: (703) 228-3100
> Fax: (703) 228-7106
> E-mail: mcorr@arlingtonva.us
>
> *Counsel for Defendant 8.929 Acres of Land in Arlington County, Virginia*
>
> Stephen Alexander MacIsaac
> Arlington County Attorney's Office
> 2100 Clarendon Blvd
> Suite 403
> Arlington, VA 22201
> 703-228-3100
> Email: smacisaac@arlingtonva.us
>
> *Counsel for Defendant Arlington County, Virginia*

Samuel Joseph Banks
Bean Kinney & Korman PC
2311 Wilson Blvd
Suite 500
Arlington, VA 22201
Tel: (703) 525-4000
Fax: (703) 525-2207
E-mail: sbanks@beankinney.com

*Counsel for Jones Utilities Construction, Inc.*

Godfrey Thadeus Pinn, Jr.
Harrell & Chambliss LLP
707 East Main St
Suite 1000
Richmond, VA 23219
Tel: (804) 643-2702
Fax: (804) 648-2702
E-mail gpinn@hclawfirm.com

*Counsel for Dominion Virginia Power and Washington Gas*

    /s/  Jessica A. Glajch
Jessica A. Glajch
Virginia State Bar # 83924
Attorney for Defendant FiberLight, LLC
Eckert Seamans Cherin & Mellott LLC
1717 Pennsylvania Ave., NW,
Suite 1200
Washington, D.C.  20006
Tel: (202) 659-6672
Fax: (202) 659-6699
jglajch@eckertseamans.com