# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| 8.929 ACRES OF LAND, MORE OR LESS, SITUATE IN ARLINGTON COUNTY, VIRGINIA; | Civil No. 1:20-cv-00667-LMB-JFA |
| and | |
| ARLINGTON COUNTY, VIRGINIA et al., | |
| Defendants. | |

## VERIZON BUSINESS NETWORK SERVICES LLC AND VERIZON VIRGINIA LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 71.1 MOTION TO DETERMINE THAT FAIR MARKET VALUE HAS NO RELEVANCE TO THIS PROCEEDING

Defendants Verizon Business Network Services LLC and Verizon Virginia LLC (collectively, "Verizon") respectfully submit this response in opposition to Plaintiff United States' ("Plaintiff") Rule 71.1 Motion to Determine that Fair Market Value Has No Relevance to This Proceeding ("Motion").

## INTRODUCTION AND BACKGROUND

Plaintiff instituted the instant eminent domain proceeding to acquire an interest in certain property described in the Complaint (the "Subject Property"). Verizon, a telephone company, maintains and operates its conduit, fiber, cables, and other equipment and materials on the Subject Property. Plaintiff's planned taking on the Subject Property threatens to impair or impede Verizon's interest in the Subject Property. As a result, Verizon has asserted that it is "entitled to

1

just compensation, which includes, but is not limited to, monetary compensation for the fair market value of Verizon's interest in the Subject Property and any costs incurred by Verizon as a result of this condemnation." (*See* Verizon's Answer, ECF No. 40, ¶ 9.)  The mentioned costs include, but are not limited to, "obtaining new conduit, fiber, cables, and other equipment and materials, moving the same from the Subject Property, installing the same in a new location, and/or splicing the fiber and cables." (*Id.*)

Plaintiff filed the Motion seeking to deem the fair market value standard for determining just compensation irrelevant, on the argument that it is providing "substitute facilities" that fully compensate Defendant Arlington County (the "County").  (Mot., ECF No. 50.)  Although the Motion is directed at the County only, Verizon files this response to the extent Plaintiff's arguments in the Motion seek to affect Verizon's entitlement to monetary just compensation.  In opposing the Motion, Verizon incorporates and reserves the right to adopt the memoranda and arguments filed by the other defendants in this matter.

## ARGUMENT

The Fifth Amendment to the United States Constitution prohibits the taking of property without just compensation.  *Brown v. Legal Found.*, 538 U.S. 216, 235 (2003).  The Supreme Court has repeatedly held that "just compensation normally is to be measured by the market value of the property at the time of the taking contemporaneously paid in money." *United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984) (internal quotations omitted).  "Deviation from this measure of just compensation has been required only when market value has been too difficult to find, or when its application would result in manifest injustice to owner or public." *Id.* (citations omitted).

Notwithstanding these well-established tenets, Plaintiff argues that because it is providing a road network to the County, the fair market value standard is irrelevant and has no application

in this case. (Mot., ECF. No. 50 at 2-3.) While Verizon has no position with respect to the applicability of the "substitute facilities" doctrine to the County, this doctrine should not, at least at this juncture, preclude Verizon from seeking monetary just compensation from Plaintiff for the following reasons.

First, at least some federal court precedent indicates that substitute facilities compensation is not available to a private condemnee. *See, e.g.*, *United States v. 564.54 Acres of Land, More or Less, Situated in Monroe and Pike Counties*, 441 U.S. 506, 509 n.3 (1979). Second, Plaintiff has not argued—let alone shown—that the value of Verizon's property is difficult to ascertain as to allow divergence from the fair market value standard. Third, Plaintiff has not shown that any substitute facilities Plaintiff would intend do provide Verizon are in fact adequate as to forgo monetary just compensation at this stage in the proceedings. Specifically, unlike the seemingly extensive dialogue between Plaintiff and the County regarding the road network, no similar negotiations have occurred between Plaintiff and Verizon regarding any substitute facilities Plaintiff intends to provide. To date, Verizon and Plaintiff have not reached an agreement regarding any substitute conduits or other facilities. In fact, Plaintiff has not even made a proposal and has not given Verizon any information whatsoever regarding any such substitute facilities. To preclude application of the fair market value standard at this juncture would essentially deprive Verizon of rights to *any* compensation as no designs or other details concerning the substitute facilities even exist.

Because it is impossible to determine whether abstract substitute facilities Verizon may eventually receive from Plaintiff will be an adequate equivalent of monetary compensation, a determination that fair market value has no relevance in this proceeding is premature. *See, e.g.*,

*Clarksville v. United States*, 198 F.2d 238, 242 (1952) ("The taking may be justly compensated by payment of the cost of a substitute, so long as a full equivalent is afforded for the property taken.").

Lastly, it is also premature to decide whether fair market is relevant in this case because the parties have just begun the discovery process, and little, if any, evidence regarding the proposed substitute facilities to Verizon has been exchanged. For the foregoing reasons, the Court should deny the Motion as it relates to Verizon.

## **CONCLUSION**

Based on the foregoing, this Court should deny Plaintiff's Motion and award Verizon any other relief that it deems just and proper.

Dated: September 25, 2020

Respectfully submitted,

**VERIZON BUSINESS NETWORK SERVICES LLC and VERIZON VIRGINIA LLC**

By Counsel:

*/s/ Anastasia P. Cordova*
Anastasia P. Cordova (VSB No. 78936)
Richard D. Holzheimer, Jr. (VSB No. 40803)
Brooks H. Spears (VSB No. 86391)
Keith J. Minson (VSB No. 89417)
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
acordova@mcguirewoods.com
rholzheimer@mcguirewoods.com
bspears@mcguirewoods.com
kminson@mcguirewoods.com

# CERTIFICATE OF SERVICE

I certify that, on this 25th day of September, 2020, I caused a copy of the foregoing to be filed electronically with the Court using the CM/ECF system, which will send notification to all counsel of record.

Eugene N. Hansen
Melissa Baker
Environment & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611 – Ben Franklin Station
Washington, DC 20044
eugene.hansen@usdoj.gov
*Counsel for Plaintiff United States of America*

Samuel J. Banks
Leo S. Fisher
Bean, Kinney, & Korman P.C.
2311 Wilson Blvd., Suite 500
Arlington, VA 22201
sbanks@beankinney.com
lfisher@beankinney.com
*Counsel for Defendant Jones Utilities Construction*

Kristin Starr
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314-5702
Kristin.Starr@usdoj.gov
*Counsel for Plaintiff United States of America*

Godfrey T. Pinn, Jr.
Harrell & Chambliss LLP
Eighth & Main Building
707 East Main Street, Suite 1000
Richmond VA 23219
gpinn@hclawfirm.com
*Counsel for Washington Gas & Dominion Virginia Power*

John C. Cruden
Gus B. Bauman
James M. Auslander
Beveridge & Diamond PC
1350 I St., N.W., Suite 700
Washington, DC 20005
jcruden@bdlaw.com
gbauman@bdlaw.com
jauslander@bdlaw.com
*Counsel for Arlington County*

Jessica Glajch
Charles A. Zdebski
Robert Gastner
Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Ave. NW, 12th Floor
Washington, DC 20006
czdebski@eckertseamans.com
rgastner@eckertseamans.com
jglajch@eckertseamans.com
*Counsel for Defendant FiberLight LLC*

Stephen MacIsaac
Arlington County Attorney
MinhChau N. Corr
Deputy County Attorney
2100 Clarendon Blvd., Suite 403
Arlington, VA 22201
smacisaac@arlingtonva.us
mcorr@arlingtonva.us
*Counsel for Arlington County*

*/s/ Anastasia P. Cordova*
Anastasia P. Cordova